# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-05032-02-CR-SW-MDH |
| | ) | |
| AMY KAY THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3742(e). The Government has filed suggestions in opposition. The Defendant has failed to file a reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits.

On July 29, 2021, Defendant was charged with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (c) (Count One); aiding and abetting kidnapping resulting in death, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count Two); aiding and abetting the use of a firearm in furtherance of a crime of violence resulting in murder, in violation of 18 U.S.C. §§ 924(c) and (j)(1) and (2) (Count Three); and aiding and abetting beign a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Count Four). (Doc. 1).

The Defendant pleaded guilty to Counts One and Four pursuant to a plea agreement with the Government. (Docs. 250–251). After pleading guilty, the parties stipulated to a supplement to the plea agreement, which permitted the Defendant to seek a downward departure or variance from the calculated Sentencing Guidelines range. (Doc. 326). The revised Presentence

Investigative Report ("PSR") calculated a total offense level of 43; a criminal history category of VI; a statutory range of punishment of up to life imprisonment on Count One and up to 10 years on Count Four; and an advisory Sentencing Guidelines range of life imprisonment. (Doc. 303 ¶¶ 42, 67–68, 123–124).

On April 18, 2024, this Court sentenced the Defendant to 240 months' imprisonment, the sentence requested by the Defendant and the Government. (Docs. 350–351). No appeal was taken up by the Defendant. The Defendant now moves for a reduction in sentence under 18 U.S.C. § 3742(e) based on post-sentencing rehabilitation. (Doc. 388).

18 U.S.C. § 3742 governs the process for how a defendant or the government can go about requesting a review of a criminal sentence. The relevant parts of the statute state:

> **(a) Appeal by a defendant.**--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
>
> **(d) Record on review.**--If a notice of appeal is filed in the district court pursuant to subsection (a) or (b), the clerk shall certify to the court of appeals--
>
> (1) that portion of the record in the case that is designated as pertinent by either of the parties;
>
> (2) the presentence report; and

(3) the information submitted during the sentencing proceeding.

**(e) Consideration.**--Upon review of the record, the court of appeals shall determine whether the sentence--

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and

(A) the district court failed to provide the written statement of reasons required by section 3553(c);

(B) the sentence departs from the applicable guideline range based on a factor that--

(i) does not advance the objective set forth in section 3553(a)(2); or

(ii) is not authorized under section 3553(b); or

(iii) is not justified by the facts of the case; or

(C) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

18 U.S.C. §§ 3742(a), (d) and (e).

Here, the Defendant does not argue that her sentence was in violation of the law; was imposed as an incorrect application of the sentencing guidelines; is greater than the applicable guidelines range; or was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. Rather, the Defendant states that her "charge code does not qualify for [the First Step Act]" and "humbly asking the court to please consider this motion." (Doc. 388, page 1). As the Defendant does not challenge her sentence based upon what is enumerated in 18

U.S.C. § 3742, her motion for a sentence reduction based on that statute fails. For the reasons stated, Defendant's Motion for a Reduction in Sentence based on 18 U.S.C. § 3742(e) is **DENIED**.

**IT IS SO ORDERED**.

DATED:  February 10, 2026                    */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**